UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NICHOLUS ROLFTON HENRY,

    Plaintiff,

v.

STATE OF WASHINGTON,

    Defendant.

CASE NO. 3:22-CV-5673-DGE

REPORT AND RECOMMENDATION

Noting Date: October 7, 2022

The District Court has referred Plaintiff Nicholus Rolfton Henry's pending Application to Proceed *In Forma Pauperis* ("IFP") and proposed complaint to United States Magistrate Judge David W. Christel pursuant to Amended General Order 02-19. On September 13, 2022, Plaintiff filed a proposed civil complaint and an application to proceed *in forma pauperis* ("IFP"), that is, without paying the filing fee for a civil case. *See* Dkt. 1.

**Standard for Granting Application for IFP.** The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. §1915(a). However, the court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

**Plaintiff's Application to Proceed IFP.** Plaintiff states that he is employed by the U.S. Army and earns $4,400.00. *See* Dkt. 1. Plaintiff has $150.00 cash on hand and no money in his

REPORT AND RECOMMENDATION - 1

bank accounts. *Id*. at p. 2. He has a vehicle worth $20,000.00. *Id*. Plaintiff's monthly expenses are approximately $4,100.00. *Id*.

**Review of the Complaint.** The Court has carefully reviewed the proposed complaint in this matter. Because Plaintiff filed this proposed complaint *pro se*, the Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

In the proposed complaint, Plaintiff names the State of Washington as a Defendant. Dkt. 1-1. Plaintiff alleges Bailey James Wilcox, a Mason County Deputy Prosecuting Attorney, is an attorney for the State of Washington. *Id*. Plaintiff contends Mr. Wilcox has committed a Foreign Agent Registration Act ("FARA") violation because he is a foreign agent acting under color of law and, therefore, Mr. Wilcox has no authority to bring legal proceedings against Plaintiff. *Id*. Plaintiff seeks monetary damages and requests the State of Washington dismiss any prior cases against Plaintiff. *Id*.

***Sua Sponte* Dismissal.** The Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368,

1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**Analysis of Plaintiff's Claim**. In the proposed complaint, Plaintiff contends Mr. Wilcox, as Defendant State of Washington's attorney, violated FARA. Dkt. 1-1. FARA, codified in 22 U.S.C. §§ 611–21, requires any "agent of a foreign principal" to submit a "registration statement" with the Attorney General. *See* 22 U.S.C. § 612(a). There are insufficient allegations to show Mr. Wilcox qualifies as an agent of a foreign principal for purposes of FARA. Moreover, there is no private cause of action provided for in the act such that Plaintiff could sue for a violation of it. *See Comm. for a Free Namibia v. S.W. Africa People's Org.*, 554 F.Supp. 722, 725–26 (D.D.C. 1980) (enforcement of FARA is left to federal government, and act does not provide private cause of action); *see also Sosa v. Alvarez–Machain*, 542 U.S. 692, 727 (2004) (noting that courts hesitate to recognize private cause of action when statute does not expressly authorize one). Because there is no private right of action for violations of the FARA, the proposed complaint should be dismissed.[1]

---

[1] The Court notes the proposed complaint suffers from additional deficiencies. For example, Plaintiff's claims are conclusory and he seeks relief, dismissal of criminal charges, that is not proper in this action. As the Court finds the proposed complaint should be dismissed, the Court declines to discuss additional deficiencies in the proposed complaint.

**Leave to Amend.** Unless it is absolutely clear that no amendment can cure the defects of a complaint, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). As there is no private action under FARA, the Court finds Plaintiff cannot cure the deficiencies of the proposed complaint. Therefore, the Court finds leave to amend would be futile.

**Decision on Application to Proceed IFP**. A district court may deny leave to proceed IFP at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998), quoting *Tripati v. First Nat'l Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987). As the Court finds this action is without merit and the proposed complaint should be dismissed, the Court recommends denying leave to proceed *in forma pauperis*.

**Conclusion.** For the above stated reasons, the Court recommends the proposed complaint be dismissed for failure to state a claim, the Application to Proceed IFP be denied, and this case be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted).

Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on October 7, 2022, as noted in the caption.

Dated this 16th day of September, 2022.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5